THOMAS BUCCINO ET AL. *v.* CABLE
TECHNOLOGY, INC., ET AL.
(9569)

DUPONT, C. J., O'CONNELL and NORCOTT, Js.

Argued May 28—decision released September 10, 1991

*Elena M. Gervino,* with whom, on the brief, was *Dean M. Cordiano,* for the appellants (plaintiffs).

*Robert A. Randich,* with whom, on the brief, was *Ross G. Fingold,* for the appellees (defendants).

NORCOTT, J. The plaintiffs, Thomas and Irma Buccino, appeal from the judgment of the trial court in an action in which they claimed a breach of two commercial leases. The plaintiffs sought damages and attorney's fees pursuant to the lease agreements. The defendants, Cable Technology, Inc. (Cable), and Michael Cariglia, its president, answered the complaint by asserting four special defenses: (1) that they had complied with all of the lease obligations; (2) that all expenses incurred by the plaintiffs were the responsibility of the plaintiffs; (3) that they had paid all money owed to the plaintiffs; and (4) that the doctrine of res judicata barred the plaintiffs' cause of action. The defendants also counterclaimed, asserting, in essence, that the plaintiffs previously had initiated a vexatious lawsuit because they themselves were responsible for the defendants' breach of the lease agreement.[1]

After a trial to the court, judgment was rendered for the plaintiffs on the complaint in the amount of $17,458.15 and for the defendants on the counterclaim in the amount of $10,000. The dispositive question on appeal is whether the trial court wrongfully denied the plaintiffs' claim for attorney's fees.[2]

---

[1] The defendants' counterclaim specifically alleged that the plaintiffs (1) had initiated a summary process action without probable cause and with malicious intent, (2) had breached the "quiet enjoyment" provision of the lease, (3) had committed a violation of the Connecticut Unfair Trade Practices Act and (4) had failed to maintain the leased premises in a habitable condition.

[2] The plaintiffs also claim that the trial court improperly concluded that there was insufficient evidence to support certain of their claims. We have repeatedly held that where the factual basis of the court's decision is challenged, we must determine whether the facts as set out in the trial court's

The trial court could reasonably have found the following facts. In 1982, the plaintiffs purchased a 35,000 square foot building in Willington. The building had been built in approximately 1860, and an annex had been constructed in 1916. The plaintiffs leased 19,000 square feet of the building to Cable in 1982. The following year, Cable rented an additional 11,000 square feet. In consideration of a $7500 reduction in rent, the defendants agreed in the lease to paint the second floor ceiling.

As one of the many covenants to which the defendant lessees were subject, the lease provided that "the lessees covenant that in the event that lessors are required to employ an attorney in order to enforce a provision of this lease, the lessees shall pay a reasonable attorney's fee." In its memorandum of decision, the trial court acknowledged that the lease provided for reasonable attorney's fees but concluded that "there is no justification to award the more than $17,000 in counsel fees requested."[3] In reaching this conclusion, the court noted that most of the plaintiffs' claims had been resolved in favor of the defendants and that judgment was to be rendered for the defendants on their counterclaim.

The plaintiffs argue that the trial court improperly denied them reasonable attorney's fees that were expressly provided for in the lease agreement. We disagree.

---

memorandum of decision are supported by the evidence, or whether, in light of the evidence and the pleadings in the entire record, those facts are clearly erroneous. *O'Sullivan* v. *Bergenty,* 214 Conn. 641, 648, 573 A.2d 729 (1990), citing *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). Here, the plaintiffs' claim is unsupported by the record, and we will not retry facts or pass on the credibility of witnesses. *Holy Trinity Church of God in Christ* v. *Aetna Casualty & Surety Co.,* 214 Conn. 216, 223, 571 A.2d 107 (1990).

[3] The plaintiffs specifically requested $17,353.35 in attorney's fees.

" '[A]bsent contractual or statutory authorization, there can be no recovery, either as costs or damages, for the expenses of litigation or the expenditures for counsel fees by a party from his opponent.' " *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 297, 472 A.2d 306 (1984), quoting *Bross Line Construction Corporation* v. *Ryan Crane Service Corporation,* 32 Conn. Sup. 181, 182, 345 A.2d 594 (1975). Where a contract expressly provides for the recovery of reasonable attorney's fees, an award under such a clause requires an evidentiary showing of reasonableness. *Bizzoco* v. *Chinitz,* 193 Conn. 304, 310, 476 A.2d 572 (1984); *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 680, 443 A.2d 486 (1982). A trial court may rely on its own general knowledge of the trial itself to supply evidence in support of an award of attorney's fees. *Bizzoco* v. *Chinitz,* supra. "The amount of attorney's fees to be awarded rests in the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion." *Link* v. *Shelton,* 186 Conn. 623, 629, 443 A.2d 902 (1982). This is because the trial court is always in a more advantageous position to evaluate the services of counsel than a reviewing court. Id.

In this case, the trial court acknowledged that the lease provided for an award of attorney's fees but determined that, despite the plaintiffs' offer into evidence of bills that they had received from their attorney for the litigation here, any such award was unwarranted. The plaintiffs sought no articulation of the trial court's ruling, and we are left to review the record to determine whether the court's conclusion was an abuse of discretion. We find that the trial court's decision is supported by the record.

To begin, we note again that the lease agreement called for the award of reasonable counsel fees "in the event the [plaintiffs] are required to employ an attorney in order to enforce a provision of [the] lease." It

is clear from the record that the trial court did not consider the plaintiffs' litigation to be necessary to enforce a provision of the lease. In support of this conclusion, the trial court found that the defendants had prevailed in the vast majority of the claims in issue. The court first determined that the plaintiffs had not met their burden of proving that the defendants had breached the lease by leaving the property extensively damaged. The court awarded the plaintiffs only small amounts, $125, $800 and $357.11, as reimbursement for a filing cabinet and two electrical breakers wrongfully removed by the defendants and for costs related to cleaning the premises after the defendants had vacated them.

With respect to the plaintiffs' claim for rent, the court found that the payments for the disputed months of August and September were for use and occupancy and not for rent. Once the lease legally was terminated by the issuance of the notice to quit, any money owed the plaintiffs by the defendant tenants at sufferance were for use and occupancy and not pursuant to the lease agreement. *Lonergan* v. *Connecticut Food Store, Inc.,* 168 Conn. 122, 131, 357 A.2d 910 (1975); *Sippin* v. *Ellam,* 24 Conn. App. 385, 391, 588 A.2d 660 (1991). Accordingly, the trial court properly concluded that the plaintiffs' claim for rent was not related to the enforcement of a provision of the lease agreement. In addition, the defendants conceded before trial that they were liable for their use and occupancy of the premises during August and September. As such, this matter was not truly at issue during the trial. The court's decision to deny attorney's fees on this basis is thus clearly supported by the record.

The trial court also awarded the plaintiffs $5750 for the painting of the ceiling, a matter to which the lease agreement referred. Again, there was evidence before the court that the defendants did not dispute their responsibility for this obligation; in fact, before the

pleadings were closed, the defendants offered to pay an "equitable amount of cash" representing the plaintiffs' cost of painting the ceiling themselves. This offer also included a further offer to pay for the use and occupancy of the premises during August and September contingent upon the forbearance of all parties from further litigation. The sum total of the defendants' offers certainly exceeded $17,458, the aggregate of the amount recovered by the plaintiffs in this litigation. From our review of the record, we agree with the trial court that the requested attorney's fees were not in furtherance of the enforcement of a provision of the lease. The court, therefore, reasonably concluded that the plaintiffs' request for attorney's fees was unwarranted.

Because we agree with the trial court's finding that any award of attorney's fees was unreasonable, we need not remand the case, as the plaintiffs suggest, for the trial court to award some amount of fees less than the more than $17,000 initially requested by the plaintiffs.

The judgment is affirmed.

In this opinion the other judges concurred.