[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to recover damages for breach of a lease agreement. Plaintiff seeks to recover back common area charges, damages for the breach, for the expenses of reletting, attorney's fees, and for physical damage. The defendants filed a Special Defense and a Counterclaim with two counts. The counterclaim was withdrawn at trial. In the Special Defense they CT Page 2682 allege that there was no lease in effect and that a month-to-month tenancy resulted. The claim is based on the contention that although the lease was signed by both parties, the defendants failed to receive a copy of the fully executed lease.
The court finds the following facts. The parties entered into a lease on September 5, 1989 for a term of five years. Pursuant to that lease the defendants commenced making fixed minimum rental payments on November 15, 1989. The tenants were also responsible for paying their pro rata share of common area charges and taxes. The defendant-tenants made payments called for in the lease through January 1991. In February they paid the fixed minimum rent but failed to pay the common area charges.
On January 30, 1991 the defendants informed the plaintiff's President, Anthony Izzo, that they would be vacating the premises because the cake store was not profitable. They vacated in February 1991. The defendants had outfitted the premises with various pieces of equipment such as a freezer, cooler, walk-in freezer and certain items of plumbing material. They removed most or all of these items and in so doing caused damage to the property, especially in the removal of the condenser.
Subsequent to their vacating, their attorney contacted the plaintiff by letter on April 2, April 18 and July 31 of 1991 requesting a copy of the executed lease but received no reply. In their last letter of July 31, the defendants revoked their "offer", several months after they had vacated the premises.
The defendants' theory is that without delivery there was no lease. A lease is a contract. Robinson v. Weitz, 171 Conn. 545, 551. The evidence showed that the lease was prepared by the landlord and given to the defendants to sign after negotiations were completed. The defendants signed the lease and hand-delivered it to Anthony Izzo. Izzo signed the lease and mailed a copy back to the defendants who claim they did not receive it. "Unless the offer provides otherwise, (a) an acceptance made in a manner and by a medium invited by an offer is operative and completes the manifestation of mutual assent as soon as put out of the offeree's possession, without regard to whether it ever reaches the offeror. . . ." Restatement of Contracts 2d, Sec. 63.
The court finds that extrinsic evidence does not support the defendants' claim that no contract exists. First, there is the contents of the cover letter dated September 5, 1989 (Exhibit C) which Izzo testified was sent to the defendants with the executed copy of the lease. Paragraph 2 of that letter states "(P)lease provide us with the plans as soon as possible so we can have our architect put them on our plans and obtain a building permit." The court can infer that the necessary plans and permits were completed CT Page 2683 and obtained because the defendants took possession of the premises and proceeded with the "build out" of the bakery. The defendants commenced payments on November 15, 1989 in the exact amount called for under the lease for fixed minimum rent. They paid common area charges in accordance with the plaintiffs' instructions. On July 20, 1990 they received a letter regarding the common area charges to be paid by them over the course of the next year. The letter states, "(A)ccording to the lease your share of the common area charges is 9.16% . . . ." The defendants did not take issue with the words "according to your lease" or with the concept of being a party to a lease which required payment of a pro-rated share of certain operating expenses. In fact, they performed throughout the period of their tenancy in accordance with the lease provisions. Therefore, the court finds that the tenancy was governed by the terms of the lease as each party performed in accordance with its terms through January 1991.
When a lessee breaches a lease for commercial property, the lessor can either terminate the tenancy or refuse to accept the surrender. When the landlord elects to terminate the tenancy the action is one for breach of contract. Rokalor, Inc., v. Connecticut Eating Enterprises, Inc. 18 Conn. App. 384, 388. Sagamore Corporation v. Willcutt, 120 Conn. 315, 317-318. Basic contract principles apply. The measure of damages is that the award should place the injured party in the same position as it would have been in had the contract been fully performed. Lar-Rob Bus Corporation v. Fairfield, 170 Conn. 397,404-405.
The court finds that the plaintiff attempted to mitigate its damages by making reasonable efforts to relet the premises. It advertised the space by flyers, letters and newspapers; it placed signs at the street level of the strip mall and in a window. It spend $823 on advertisements. It finally obtained a tenant for the entire space on July 1, 1991 for a fixed monthly rental of $1000 in the first year with no additional sums required for common area charges or taxes. Izzo testified that the current-market' conditions are such that the landlord was unable to procure tenants at a higher rental rate. The court finds that the plaintiff is entitled to recover $823.
The plaintiff expected to receive rent and common area charges over a five-year period through October 1994. Had the contract been fully performed it expected to receive $81,104.34 in fixed monthly rent from March 1991 and common area charges from February 1991 through October 1994. The defendants are entitled to a credit of $4572.49 which represents monies secured by a passbook held by the landlord together with a signed withdrawal slip in the landlord's favor in lieu of a security deposit. Therefore, the damages attributable to rent and common charges is $76,531.85.
In addition the plaintiff spent $300 in cleaning and repairs to CT Page 2684 the premises and to the roof. Paragraph 50 of the lease permits the tenants to remove their personal property and movable trade fixtures "not constituting a permanent part of the premises" upon vacating. There was a dispute between the parties as to whether the refrigerator was a movable trade fixture. The court finds that it was not movable in that it was hooked up to the condenser on the roof. When the connection was removed, a hole remained in the roof for which the plaintiff paid $100 to repair. The court finds that the plaintiff is entitled to recover $100.
The plaintiff also claims attorney's fees under paragraph 27 of the lease which permits recovery of reasonable attorney's fees incurred by the landlord in an action for breach of the lease. The plaintiff asks that the defendants pay one-third of any award of damages as its counsel fees. In Connecticut, attorney's fees are recoverable when there is statutory or contractual authorization. Buccino v. Cable Technology, Inc. 25 Conn. App. 676, 679. (internal citations omitted) Where a contract expressly provides for the recovery of reasonable attorney's fees, an award under such a clause requires an evidentiary showing of reasonableness. A trial court may rely on its own general knowledge of the trial itself to supply evidence in support of an award of attorney's fees. Without meaning to suggest in any way that counsel's presentation was anything less than skillful, the issues in the instant case were not complex. The trial took less than one day. Therefore, the court finds $5000 to be a reasonable sum.
The individual defendants, John Sisbarro, Anthony Spinelli and Patricia Pisanelle, guaranteed the tenants' "full and punctual performance of all its obligations under the Lease for a period of two (2) years from the Commencement Date as set forth in the Lease. . . . Guarantor will, upon Landlord's request, perform such obligations of the Tenant." The court finds that the individual defendants are liable for the balance of the monies owed through October 1991 in the amount of $19,789.18.
For the foregoing reason the court finds judgment for the plaintiff in the amount of $77,454.85. It awards the plaintiff counsel fees in the amount of $5000, as well as costs of this action.
LEHENY, JUDGE
[EDITORS' NOTE: CT Page 2685 to 2688 are blank.] CT Page 2689