[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY JUDGMENT
The plaintiff seeks to modify a previously rendered judgment CT Page 3789 confirming an arbitration award so that the judgment will include interest and an attorney's fee. On their part, the defendants oppose the inclusion of either interest or an attorney's fee and claim further that plaintiff's cashing of the check tendered by the defendants upon the confirmation of the award constituted an award and satisfaction.
No evidence was presented when the motion was argued. From the file and from documents turned in by the defendants, however, the court is able to determine what may be regarded as undisputed facts. The arbitration arose out of a contract for the construction of a new residence for the defendants. On June 15, 1991, the arbitrator rendered his decision whereby the plaintiff contractor was awarded the sum of $101,545.39 plus attorney's fees in the amount of $15,231.80 for a total of $116,777.19. The defendants, in their counterclaim, were awarded the sum of $73,406.76 plus attorney's fees in the amount of $11,011.01 for a total of $84,417.77. Neither side was awarded interest so the net amount due the plaintiff from the defendants was $32,359.42. The defendants were notified of the arbitrator's decision on or about June 28, 1991.
On October 21, 1991, the plaintiff's attorney prepared an application to confirm the award. An order setting December 2, 1991, at 12 noon as the date and time of the confirmation hearing was signed on November 1, 1991 by Judge Langenbach. The arbitrator's award was confirmed on December 9, 1991 by Judge Zoarski. On that day, a check in the amount of $32,359.42, payable to the plaintiff and attorney was given in court by the defendants. The front of the check was marked full and final payment.
On December 24, 1991, the plaintiff's attorney by letter notified the defendant's counsel that the check was being deposited. The letter also stated: "Despite the notation of `full final payment', the amount is in dispute as to interest from the date of the arbitrator's award and we are reserving our right to modify the judgment accordingly. Please be advised that my client will also be seeking attorneys' fees pursuant to his contract with the Membrinos." The check was deposited by the plaintiff's attorney on January 28, 1992.
The amounts requested by the plaintiff's motion are as follows: for interest, $1,568.22 representing 10% per annum for 177 days from June 15, 1991 to December 9, 1991, at $8.86 per day; for an attorney's fee $660.00 for work done in connection with the CT Page 3790 application to confirm at the rate of $100.00 per hour.
 II.
Ever since General Statutes 37-3a was extended in 1979 by Public Act 79-364 to arbitration proceedings, an inclusion of interest from the period between the date of the award and the date of the judgment confirming the award has been permissible. Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 701 (1991); Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 675-76
(1991). As with pre-judgment interest generally, such an inclusion is discretionary with the court. Middlesex Mutual Assurance Co. v. Walsh, supra. In the present situation where what appears to be a delay in moving to confirm the award, see 52-420, the court declines to augment the award with interest.
The court disagrees with the defendants' position that 10.9 of the contract providing for a reasonable attorney's fee does not apply to the plaintiff's motion to confirm. The motion was required to establish the award as an enforceable judgment. General Statutes 52-421(b). Further, a court has no authority to disregard a contractual provision for an attorney's fee, and must limit its determination to the reasonableness of the amount requested. Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401,415 (1983); Guaranty Bank Trust Co. v. Dowling, 4 Conn. App. 376,386, cert. denied 197 Conn. 808 (1985).
Normally, reasonableness is an evidentiary matter, but in deciding the question a court may rely on its own knowledge of the proceedings. Bizzoco v. Chinitz, 193 Conn. 304, 310 (1984); Buccino v. Cable Technology, Inc., 25 Conn. App. 676, 679 (1991). The court finds the requested fee of $660.00 to be reasonable and hence awardable unless precluded by an accord and satisfaction.
In County Fire Door Corporation v. C.F. Wooding Co., 202 Conn. 277,283 (1987), the Supreme Court decided that the common law of accord and satisfaction was not modified by 42a-1-207 of the Uniform Commercial Code. An accord and satisfaction exists when a payment is made and settles a monetary claim that is unliquidated in amount. A complaint is unliquidated when it is admitted that one of two sums is due but there is a dispute as to which one is the proper amount. Id. at 282.
By demanding that the arbitration award be increased with interest and an attorney's fee, the plaintiff turned the debt, which had been fixed by the arbitrator, into an unliquidated amount. Thereafter, the plaintiff could not cash the defendants' check for the arbitrator's amount and disown the condition of full and final payment upon which the check was tendered. County Fire Door Corporation v. C.F. Wooding Co., supra at 283. See Kelly v. CT Page 3791 Kowalsky, 186 Conn. 618, 621 (1982).
An accord and satisfaction was reached that bars both both the claim for interest and the claim for an attorney's fee.
BARNETT, JUDGE