[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff landlord brought this action claiming that the defendant tenant failed to pay her two months rent, failed to pay real estate taxes and damaged the leased premises when he vacated. The defendant counterclaimed by alleging that the landlord was responsible for air-conditioning costs, failed to notify him of real estate tax billings and failed to pay him for dental services rendered her.
The court finds the following facts. The plaintiff and her late husband entered into a five-year lease agreement with Selwyn Landman to commence October 20, 1975 for the rental of commercial space at 144 Washington Avenue, North Haven for use as a dental office and oral surgery. On or about November 1, 1980 the defendant became the lessee after purchasing Dr. Landman's practice. The lease was extended by letter agreements with the lease terminating December 31, 1989. On October 28, 1989 Dr. Kelly vacated the premises. He did not send a rent payment to the plaintiff for November or December.
When Dr. Kelly took over the practice he obtained the equipment. Some equipment was mounted to the floor. Cabinets were attached to the walls. The walls were painted purple and orange. Neither Dr. Kelly nor the landlord repainted the walls. The landlord hired Atlantic Floor Covering to replace the original carpeting during Dr. Kelly's tenancy. She supervised the installation which included cutting around equipment although the equipment could have been removed. She had occasion to visit the premises since she was Dr. Kelly's patient. When Dr. Kelly vacated the CT Page 6908 premises he removed the equipment; he left the rough plumbing and cabinets attached to the walls. He also provided for his dental assistant, Ms. Anderson, and her husband to clean his office and remove debris. During his tenancy he had given Mrs. Dell'Oro a total of $1288 as a security deposit which she held at the time of trial.
The plaintiff's first count claims that the defendant failed to pay rent for November and December 1989 and failed to pay his proportionate share of real estate taxes from 1981 through 1989 as called for in paragraph 7 of the lease. The defendant admitted he did not pay rent of $1325 per month for November and December and he therefore owes the plaintiff the sum of $2650.
However, the plaintiff failed to meet her burden of proof with regard to the taxes she claimed Dr. Kelly owed. . She submitted copies of tax bills which were marked for identification only. However, she had not given Dr. Kelly the underlying tax bills regarding these amounts until after he vacated and she wrote him on December 18, 1989. Exhibit E. Dr. Kelly disputed her calculations and believed he bore an unfair share relative to the square footage of the premises he rented. The lease did not provide that the tax bills had to be produced; it provided that the landlord's failure to insist on performance did not constitute a waiver. Nevertheless, the plaintiff's testimony lacked conviction concerning her claim that she had notified him and had made the appropriate calculations based on the space he occupied.
The plaintiff's second count claims damages to the premises as a result of Dr. Kelly's occupancy. Paragraph 10 of the lease states that "(A)t the expiration of the lease term the Lessee shall surrender the leased property broom clean in as good condition as it was in at the beginning of the term, reasonable use and wear and tear. . . excepted." A landlord rents property subject to the expectation of reasonable wear and tear. A tenant is not liable for routine cleaning, repainting and correcting minor damage. Grzewinski v. George, HNB #930 (199) Paragraph 11 provides that at the expiration of the term any fixtures installed as part of any alteration, addition or improvement made by the Lessee shall "at the Lessors' option become the property of the Lessors provided, however, that the Lessors shall have the right to require the Lessee to remove such fixtures at the Lessee's cost. . . ." The plaintiff failed to offer evidence that she had exercised her option. However, pursuant to paragraph 10 she claimed expenses in repairing and cleaning the premises. Otto Emerson, a self-employed renovator, viewed the premises in December 1989 for the first time and prepared an estimate of repairs. Exhibit I. Mrs. Dell'Oro instructed him to make repairs to the door casings and walls for which he was paid approximately $560. He did not do the painting listed on the estimate. The court finds that he made repairs for damage which exceeded wear and tear and awards the plaintiff $560. CT Page 6909
The plaintiff also seeks reimbursement for supplies purchased in June and July of 1990 in the amount of $530.32 and for $850 she paid her granddaughter for spackling and painting the premises in June. The packet of receipts submitted as Exhibit H do not indicate what items were purchased other than paint and painting supplies. The Court does not award damages for the foregoing amounts. Ordinary wear and tear after 9 years of occupancy would necessitate painting.
Mrs. Dell'Oro also claimed reimbursement for the replacement of carpeting in the office. Fred Kelly of Atlantic Floor Covering claimed that the carpet was completely stained in June 1990 when he saw it. His credibility was weakened by the self-serving nature of his testimony. Mr. Kelly was at pains to make clear that the rug manufacturer would not honor a 15-year wear warranty. His employer stood to gain from the replacement of the carpeting. However, Otto Emerson saw dark stains on the carpeting of the two operatories and the laboratory. Mrs. Dell'Oro had had access to the premises as late as March 1989 but she made no mention of stains to Dr. Kelly. She offered no evidence of any attempt to have the carpet shampooed before concluding it needed to be replaced. She failed to meet her burden of proof that the condition of the carpet exceed ordinary use and wear and tear.
Paragraph 13 of the lease permits the landlord to recover attorney's fees. Attorney's fees are awarded if allowed by contract or statute. Buccino v. Cable Technology, Inc. 25 Conn. App. 676, 679. The landlord failed to provide evidence as to her attorney's fees. The court is therefore unable to award them.
The defendant claims that any amounts owed Mrs. Dell'Oro should be reduced by the security deposit she holds. Both parties agree that the amount is $1288. The defendant claims interest in the amount of $291. Interest is not paid on security deposits in commercial leases as Section 47a-21 of the General Statutes does not apply to commercial leases. Hoban v. Masters, 36 Conn. Sup. 611,613.
In his first special defense and his counterclaim Dr. Kelly contends that he paid for air conditioning which is an obligation of the landlord under paragraph 12 of the lease. That section states "(T)he Lessors shall supply air conditioning, heat, hot water, cold water and sewage disposal during normal business hours. The Lessee shall pay all charges for telephone services. . . electricity, and any and all other utilities not covered in this paragraph. . . ." The language clearly differentiates between what the tenant is to pay, CT Page 6910 i.e. his own electricity and telephone usage, and what the landlord is to pay. Therefore, the simple construction of the two sentences leads to the conclusion that the landlord was to pay for the services itemized in the first sentence.
The defendant concluded that he had been improperly paying the air conditioning charges from comparing the monthly bills for each year from 1983 through 1989 and noting that there was a seasonal fluctuation attributable to the use of air conditioning in the warmer months. He produced customer account analyses prepared by United Illuminating Co. which were marked for identification but not admitted into evidence. These documents, hearsay in nature, were not sufficiently reliable or probative to enable the court to form an opinion as to the amount of his claim, if any. Therefore, the defendant cannot prevail on these claims.
The defendant also filed a Set-Off in the amount of $1485 for dental services rendered Mrs. Dell'Oro. In Northwestern Electric Inc. v. Rozbicki, 6 Conn. App. 417, 420, the trial court deducted from the plaintiff's award an amount for unpaid legal fees. These fees arose from services rendered by the defendant attorney in connection with a matter which did not arise from. the transaction underlying the complaint. If the claim involves a debt which is mutual and unliquidated ever though it arises from separate transactions it is characterized as a set-off. In this case, the plaintiff did not file a motion to strike. She testified briefly about the dental bill indicating she was not satisfied with the services, but she did not deny owing the sum. In the interests of judicial economy the court finds that the set-off can be applied here and be deducted from the amount the defendant owes the plaintiff.
The court finds for the plaintiff in the amount of $3210 for back rent and Mr. Emerson' fees. From that is to be deducted security in the amount of $1288 leaving a balance of $1922 on which interest is to run at the legal rate from January 1, 1990. Also to be deducted is the sum of $1485 plus interest from June 19, 1990, the date of the last bill. The court also awards costs of suit.
LEHENY, J. CT Page 6911