[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10647
The present proceeding is a contested hearing in damages. Connecticut General statutes 52-221; Practice Book 367, 368. Formerly the parties were in a landlord-tenant relationship. This suit was brought to recover rent and water charges claimed to be owed by the defendants and for damages alleged to have been caused by them when they occupied the premises owned by the plaintiffs.
 I.
The defendants were tenants of the plaintiffs at 14 Dallas Avenue, Waterbury from August 1, 1988 until the second week of June, 1991. Four written leases were involved: from August 1, 1988 to July 31, 1989; from August 1, 1989 to July 31, 1990; from August 1, 1990 to April 30, 1991 and from May 1, 1991 to June 30, 1991. The defendants moved from 14 Dallas Avenue into a house they had purchased approximately two weeks before their last lease expired.
All of the leases obligated the defendants to pay for fuel, water, gas, electricity, telephone and the monthly charge for the hot water heater. Each lease included an enumeration of the appliances for which the defendants were responsible to keep in proper working order. These appliances were a dishwasher, stove and refrigerator except for the term August 9, 1990 — April 30, 1990 where the lease recited that two stoves and two refrigerators had been provided.
Pursuant to the written leases the defendants were responsible to repair any damage to the furnishings, to clean and shampoo the carpets and at the termination of the tenancy to surrender the premises subject to reasonable wear and tear in clean and good order. A $1,500.00 security deposit was given to guarantee performance of these promises.
At the hearing it appeared that for the month of June, 1991, during which the defendants vacated the rented house they paid $500.00 rather than the $800 monthly rent reserved in the last lease. Also, the water charges by the city had remained unpaid from September of 1989 to June of 1992. For the period of the CT Page 10648 defendants' tenancy the principal, interest and lien fees for the water charges totaled $984.73. Aside from the rent and water charges, the evidence was a welter of accusations and rebuttals. The plaintiffs offered evidence to show that the defendants broke appliances, allowed their children to mar walls and ceilings with crayon marks, candy and gum, broke a shower door, damaged tiles, ruined carpets and committed other acts tending to establish misfeasance or nonfeasance. On the other hand, the defendants invoked the "reasonable wear and tear" exception in the last and prior leases. They also claimed that some appliances did not function, that the plaintiffs delayed responding to calls for repairs and that some of the repairs that were accomplished had been done incorrectly.
 II. A.
A lease is a contract. In construing a lease three principles must be kept constantly in mind: (1) the intention of the parties is controlling and must be ascertained from the language used in the light of the circumstances surrounding the parties at the execution of the instrument; (2) the language must be given its ordinary meaning unless a technical or special is clearly intended; (3) the lease must be interpreted as a whole and in such a way that will give effect to every provision if reasonably possible. Hatcho Corporation v. Della Pietra,195 Conn. 18, 20 (1985). Applying these principles to the case at hand demonstrates that the defendants are liable for water charges occurring during their tenancy. The water charges were the tenants' responsibility under all of the written leases. The same reasoning applies to the defendants' obligation for rent which, according to the lease then in effect, was to be paid on the first day of each month with a grace period until the tenth day. In this respect, the lease adopted the statutory grace period provided by 47a-15a.
A contract can, of course, be modified and there was evidence that a modification of rent for the month of June, 1991 was discussed. A modification, however, requires mutual consent. First Hartford Realty Corporation v. Ellis, 181 Conn. 25, 33
(1980). The court finds that mutual consent was never obtained.
The defendants owe $984.73 for water charges and $340.00 for unpaid rent which sum includes the late charge authorized in the CT Page 10649 parties' last lease.
 B.
The requirement that a contract is to be construed as a whole and all of its relevant provisions are to be considered together, Barnard v. Barnard, 214 Conn. 99, 109 (1990), means that the plaintiffs' claims for damage to the house and functional destruction of the appliances are affected by the "reasonable wear and tear" provision. No discussion of what is meant by "reasonable wear and tear" could be found in Connecticut cases but in jurisdictions where the question has been decided, the decisions appear to be uniform.
The expression "ordinary wear" applies to situations of gradual determination resulting from use. It does not apply to instances of sudden occurrence. Ruddach v. Don Johnston Ford, Inc., 621 P.2d 742, 744 (Wash.App. 1980). The words "wear and tear" in their everyday common usage mean simply that ordinary and natural deterioration or abrasion which an object experiences by the expected contacts between the objects' component parts and outside objects during the period of the object's life expectancy. Cyclops Corporation v. Home Insurance Co., 352 F. Sup. 931, 936
(W.D.Pa. 1973). "Reasonable wear," "ordinary wear and tear" and similar phrases apply more naturally to the gradual deterioration resulting from use, lapse of time and to a certain extent to the operation of the elements, but do not cover destruction in whole or in part of a structure by a sudden catastrophe. Publishers Building Co. v. Miller, 172 P.2d 489 (Wash. 1946). In determining that "wear and tear" which is reasonable, a court must consider the use to which the property was put. United states Gypsum Co. v. Schiavo Bros., Inc., 450 F. Sup. 1291 (E.D.Pa. 1978).
The defendants and their children occupied the house for almost three years. From the evidence it became obvious that many of the items about which the plaintiffs complained resulted from "reasonable wear and tear" as that concept has been defined. For damage that was beyond reasonableness, the court awards $1,000.00 for general repairs and painting and $850.00 for the replacement of carpeting. No awards are made for the dishwasher and refrigerator which the court finds had no value and no award is made for the claimed conversion of dishes and glasses which the court finds not to have occurred.
The plaintiffs also requested interest and an attorney's fee. CT Page 10650 The allowance of interest as an element of damages is primarily a matter within the court's discretion as an equitable determination. State v. Stengel, 192 Conn. 484, 487 (1984). In the court's view, this case does not merit an award of prejudgment interest.
Unless there is statutory or contractual authorization, no recovery may be had against an opponent for an attorney's fee. Buccino v. Cable Technology, Inc. 25 Conn. App. 676, 679 (1991). For contractual authorization, the plaintiffs point to a section in the lease for the period from August 1, 1990 — April 30, 1991. No comparable provision appears in the final lease which ran from May 1, 1991 to June 30, 1991. The request for an attorney's fee is, therefore, denied.
 IV.
In the plaintiff's amended complaint, notice is given that they intend to seek satisfaction of the judgment they may obtain from the defendants' wages. An execution against wages can only occur if a judgment debtor fails to comply with an installment payment order. See General Statutes 52-361a.
The defendants were never questioned about their employments. Consequently the court can do no more than enter an installment order for nominal payments.
 V.
The defendants are found to be indebted to the plaintiffs in the following amounts: $984.73 for water charges; $340.00 for unpaid rent; $1,000.00 for painting and general repairs and $850.00 for the replacement of carpeting. From $3,174.73 the total of the aforesaid amounts, must be subtracted the defendants' security deposit of $1,500.00 which the plaintiffs have appropriated apparently with the defendants' consent. Judgment is rendered in favor of the plaintiffs for the sum of $1,674.73 ($3,174.73 — $1,500.00) together with taxable costs.
The judgment is to be paid in installments of not less than $10.00 per week. The defendants are advised that failure to adhere to the schedule of installment payments will subject their wages to executions.
BARNETT, J. CT Page 10651