[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The above entitled action was instituted by complaint, dated June 21, 1996. It seeks, pursuant to Sec. 12-161, Conn. Gen. Stat., collection from the defendant, Joseph Zaleski, of unpaid personal property taxes alleged to be due and owing the plaintiff, City of New Britain. The amount claimed is based on the plaintiff's assessments of that defendant's personal property covering the tax years 1980 through 1994.
On September 12, 1996, the defendant filed his answer to the CT Page 4654 complaint. Essentially, the defendant denied any liability for unpaid taxes and asserted by way of special defense the following: (1) the personal property assessed was, at all relevant times, owned by Eastern Renovating Company, Inc., and not the defendant; (2) the assessments were "grossly higher" than the value of the property; and (3), taxes were paid in full for the 1993 and 1994 tax years.
On June 12, 1997, the court granted the plaintiff's motion to cite in Eastern Renovating Company (Eastern) as a party defendant. Thereafter, counsel for the defendant-Zaleski appeared for Eastern and filed an answer to the complaint in the latter's behalf. The answer and special defenses were a duplicate of that which counsel had filed for defendant-Zaleski.
The plaintiff filed replies denying the special defenses which were part of each answer to the complaint.
The action was tried to the court on February 7, 2001. Thereafter the court received trial briefs as requested from plaintiff's counsel and counsel for the co-defendants.[1]
At trial the City's Assessor and Tax Collector testified for the plaintiff. The Assessor's testimony disclosed that at no time did the defendant-Zaleski furnish to the City a proper declaration of his taxable personal property as required by law. Sec. 12-40, Conn. Gen. Stat. Incomplete forms applicable to the tax lists of 1987 and 1988 were submitted and signed by Zaleski. Those forms identified his business as Eastern Renovating Corporation. Included with the forms was Zaleski's handwritten statement that the Corporation had been "out of business" since the late 1970s. Assessments for each of the years in question were made, as provided by statute (Sec. 12-42), on the basis of the best information obtainable.
It is undisputed that at no time did either defendant resort to the statutory appeal process to complain of any of the assessments or the bases thereof. Sec. 12-111; Sec. 12-119, Conn. Gen. Stat. Effectively, such inaction resulted in a waiver of the right of appeal and renders an attack upon the assessment unavailing in the instant action.
 "We see no reason to allow a taxpayer who has failed to utilize the available statutory remedies to assert, in an action to collect a tax under General Statutes Sec. 12-161, that the tax has not been properly assessed." Hartford v. Faith Center, Inc., 196 Conn. 487, 491 (1985).
CT Page 4655 The crux of defendant-Zaleski's defense is that he owned no personal property that was subject to tax. Any such property would have been owned, he asserts, by "Eastern Renovating Company, Inc.". The defendant testified that he was and remains an officer, director, and owner of that Company, which he assumes continues to exist as a legal corporate entity. Implicitly, the defendant appears well aware of the protection from personal liability the corporation would provide to him.
Not withstanding the defendant's bare assertions as stated above, no witnesses testified in his defense, and he offered no corroborative evidence to support existence, or even creation, of the corporation. He produced no certificate of incorporation, no documentation evidencing payment of a franchise tax, filing of a corporate business tax return, or record of any annual meetings, during the critical years.[2]
It is the court's finding that the defendant's testimony that, during the years in question, the co-defendant Eastern was the owner of the taxable personal property is unsupported by any independent evidence and is quite untenable. To the contrary, the court finds that the defendant-Zaleski was the lawful owner of the assessed personal property, that the property was lawfully assessed, and that the taxes resulting therefrom were themselves lawfully imposed.
During the tax years which are germane to this action the defendant-Zaleski made one tax payment. The payment by check in the amount of $269.49 was made on October 27, 1994, and was credited in reduction of past due interest accrual.
The plaintiff's Tax Collector testified that unpaid taxes of the defendant-Zaleski for the tax years 1980 to 1994 total $9,575.23. Interest on the unpaid sum has accrued in the amount of $21,904.16. The total indebtedness is, therefore, $31,479.39.
Counsel for the plaintiff has filed with the court an affidavit regarding attorney's fees. The court has reviewed the affidavit, and, in reliance on its own general knowledge, finds the fees reasonable, directly related to the collection proceeding, and properly recoverable as a charge to be incurred by the plaintiff. Sec. 12-161a; see also,Buccino v. Cable Technology, Inc., 25 Conn. App. 676, 679 (1991).
Judgment may enter for the plaintiff, City of New Britain, to recover of the defendant, Joseph Zaleski, $31,479.39 plus costs. Attorney's fees are awarded in the amount of $6,500.
Judgment may enter in favor of the co-defendant Eastern Renovating Company. CT Page 4656
Gaffney, J.