PATRICK LINK v. CITY OF SHELTON

SPEZIALE, C. J., PETERS, PARSKEY, ARMENTANO and SHEA, Js.

---

624

Argued November 10, 1981—decision released April 13, 1982

*Peter T. Donnelly,* with whom was *John H. Welch, Jr.,* for the appellant-appellee (defendant).

*Alan Neigher,* with whom was *Judith Trutt,* for the appellee-appellant (plaintiff).

SPEZIALE, C. J.  The plaintiff, Patrick Link, brought this action in two counts against the defendant city of Shelton for indemnification under § 53-39a[1] of the General Statutes.  The defendant has appealed from a summary judgment rendered on the first count in favor of the plaintiff, formerly a patrolman with the defendant's police department, holding that pursuant to § 53-39a the plaintiff is entitled to indemnification for "legal fees necessarily incurred" in defending against a prosecution for the crime of breach of the peace.  The plaintiff has cross appealed from a summary judgment rendered on the second count in favor of the defendant, holding that the plaintiff is not entitled to attorney's fees that he incurred in the instant case to enforce his right to indemnification under § 53-39a.  We find no error.

This action arose out of the following incident: The plaintiff reported for work twenty minutes late.  The desk officer told him to report to the lieutenant's office; he did so.  The lieutenant told him to wait for the captain; he did so.  A discussion followed among the plaintiff, the lieutenant, and the captain regarding the plaintiff's being late for work.  The discussion became an altercation, as a result of which the plaintiff was relieved from duty with pay and charged with breach of the peace.  After a departmental hearing the plaintiff was discharged without pay.  At a trial before a jury,

---

[1] General Statutes § 53-39a provides in relevant part as follows: "Whenever, in any prosecution of an officer of the division of state police . . . or a local police department for a crime allegedly committed by such officer in the course of his duty as such, the charge is dismissed or the officer found not guilty, such officer shall be indemnified by his employing governmental unit for economic loss sustained by him as a result of such prosecution, including the payment of any legal fees necessarily incurred."

the plaintiff was found not guilty of the charges. The plaintiff then brought the present action against the city of Shelton for: (1) indemnification under § 53-39a for the "legal fees necessarily incurred" in the criminal proceeding; and (2) recovery of the attorney's fees he incurred in this action "to enforce his right to indemnification pursuant to Sec. 53-39a," which the plaintiff argues also applies to this claim.

The court granted the plaintiff's motion for summary judgment on the first count, concluding that § 53-39a authorizes indemnification of the attorney's fees incurred by the plaintiff in the criminal proceeding, and in a supplemental judgment it found the amount to which he was entitled to be $6066.10. The court, on a stipulation of facts, granted the defendant's motion for summary judgment on the second count, concluding that § 53-39a does not authorize recovery by the plaintiff of the attorney's fees he incurred in the action for indemnification. From the summary judgment rendered in favor of the plaintiff on the first count, the defendant has appealed, claiming that the plaintiff was not "in the course of his duty" within the meaning of § 53-39a so as to be entitled to indemnification or, if he were, that the amount of the award was excessive.[2] From the summary judgment in favor of the defendant

---

[2] The defendant also claims that summary judgment in favor of the plaintiff was improper because there was a genuine issue of material fact, namely, whether the alleged crime occurred in the course of the plaintiff's duty. At oral argument before us, the defendant did not dispute that the plaintiff was on duty but characterized as a question of fact the question of whether the plaintiff's actions come within the ambit of General Statutes § 53-39a. That question is a legal question of statutory interpretation, and does not become a question of fact by virtue of a litigant's labeling it a question of fact.

on the second count, the plaintiff has cross appealed, claiming that § 53-39a authorizes his recovery not only for the fees he incurred in the criminal proceeding but also for the fees he incurred in the instant case.

## I

General Statutes § 53-39a authorizes indemnification for legal fees incurred by an officer of a local police department as a result of prosecution for a crime allegedly committed by him "in the course his duty" where he is found not guilty of the crime charged. "[I]n the course of his duty" is not defined by the statute or explained by legislative history. As a term of art, or technical phrase, it has "a peculiar and appropriate meaning in the law" and "shall be construed and understood accordingly." General Statutes § 1-1 (a). See 2A Sutherland, Statutes and Statutory Construction (4th Ed. Sands 1973) § 47.29. Because the statute does not define the phrase, we must look elsewhere for the "peculiar and appropriate meaning" of "in the course of his duty." We may look to the meaning given the same phrase in unrelated statutes, in this case the workers' compensation statutes; General Statutes § 31-275 et seq.; and consider that where the legislature uses the same phrase it intends the same meaning. See 2A Sutherland, Statutes and Statutory Construction, supra, § 53.03.

It is undisputed that the facts of this case satisfy the statutory requirement that the officer be found not guilty of a crime allegedly committed. The defendant, however, claims that the statutory

requirement that the crime be "allegedly committed by such officer in the course of his duty" is not satisfied where an officer is "reporting to work late, throwing temper tantrums, or creating a disturbance in the police station waiting room." Therefore, it argues, the statutory condition for indemnification is not satisfied. We disagree. These are new facts alleged by the defendant for the first time on appeal. These facts were not part of the pleadings or affidavits below. When we consider facts that do appear in the record, namely, that the plaintiff was on duty; that he had reported for duty late; that he was told to see the lieutenant and did so; that he was told to wait for the captain and did so; and that there was a discussion and altercation resulting in the plaintiff's being charged with breach of the peace, we conclude that he was in the course of his duty within the meaning of § 53-39a. See General Statutes § 31-275 (12).[3]

Even were we to accept the city's new version of the facts, our conclusion would be the same. This may be seen from the interpretation given "arising out of and in the course of employment" under the workers' compensation statute. Assaults, for example, are considered as arising out of and in the course of employment "either if the risk of assault is increased because of the nature or setting of the work, or if the reason for the assault was a quarrel

---

[3] General Statutes § 31-275 (12) provides in relevant part as follows: "'Arising out of and in the course of his employment' means . . . originating while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while so engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer. (A) In the case of a policeman . . . 'in the course of his employment' shall encompass his departure from his place of abode to duty, his duty, and his return to his place of abode after duty."

having its origin in the work. A few jurisdictions deny compensation if the claimant himself was the aggressor; most reject this defense if the employment in fact caused the fight to break out." 1 Larsen, The Law of Workmen's Compensation (1978) § 11.00. The "scope of the employment" test in the context of vicarious liability is also an aid: "[T]he present tendency is to extend the employer's responsibility" to "intentional torts . . . reasonably connected with the employment . . . ." Prosser, Torts (4th Ed. 1971) § 70, p. 464. See Davis, "Workmen's Compensation in Connecticut—The Necessary Work Connection," 7 Conn. L. Rev. 199, 244-46 (1975). Even if the plaintiff had done what the defendant alleges, he would have been acting in the course of his duty so as to be entitled to indemnification under § 53-39a.

## II

The amount of attorney's fees to be awarded rests in the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion: "A court has few duties of a more delicate nature than that of fixing counsel fees. The degree of delicacy increases when the matter becomes one of review on appeal. The principle of law, which is easy to state but difficult at times to apply, is that only in case of a clear abuse of discretion by the trier may we interfere. *Hayward* v. *Plant,* 98 Conn. 374, 382, 119 A. 341 [1923] . . . . The trier is always in a more advantageous position to evaluate the services of counsel than are we." *Hoenig* v. *Lubetkin,* 137 Conn. 516,

525, 79 A.2d 278 (1951).   The court was presented with an affidavit[4] concerning the plaintiff's attorney's fees and heard expert witnesses testify on behalf of both parties.  We cannot say that the court abused its discretion in concluding that $6066.10 was a proper award.

---

[4] The affidavit provided in relevant part:

"Byelas & Neigher
Attorneys at Law

April 29, 1980

Mr. Patrick Link,
216 Minerva Street,
Derby, Ct. 06418

FOR SERVICES RENDERED RE:   State vs. Patrick Link.

| Date | Service | Hours |
|---|---|---|
| 1/4/80 | Conference with client | 2.2 |
| 1/11/80 | At Superior Court, Ansonia; Conference with prosecutor, trial call; conference with client | 3.1 |
| 1/28/80 | Conference with client; 2d step grievance meeting at Police Dept. | 3.3 |
| 12/31/80 | Telephone conference with witness; legal research on alleged offense | .4 <br> 1.3 |
| 3/10/80 | Trial preparation | 2.8 |
| 3/11/80 | At Superior Court—Ansonia —trial list call | 2.5 |
| 4/14/80 | Trial preparation; conference with client; preparation of testimony | 4.2 |
| 4/15/80 | Jury trial at Ansonia; selection of jurors; beginning of evidentiary phase of trial; preparation of cross-examination of State's witnesses | 7.5 <br> 1.2 |
| 4/16/80 | Continuation of trial; Preparation of defense | 5.5 <br> 2.3 |
| 4/17/80 | Continuation of trial | 7.5 |
| 4/21/80 | Preparation of closing argument | 4.7 |

## III

The plaintiff, in his cross appeal from the summary judgment rendered in favor of the defendant on the second count, supports his plea for attorney's fees incurred in this action "to enforce his right to indemnification" with cases brought under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1976). His analogy is inapposite.

The federal act authorizes an award of attorney's fees in the discretion of the court "as part of the costs" of the "action or proceeding to enforce" enumerated civil rights provisions.[5] The question of attorney's fees comes up as part of the underlying action and not in an independent action for recovery of attorney's fees. The award of attorney's fees is part of the "action or proceeding to

| 4/22/80 | Closing argument, jury deliberations, charge to jury | 7.6 |
|---------|------------------------------------------------------|-----|
| 4/23/80 | Jury deliberations and verdict | 3.5 |
| 54.3 hours @ $110.00 per hour | | $5,973.00 |

DISBURSEMENTS:

| 7 round trips to Ansonia = 30 miles @ 20¢ = $6.00 | 42.00 |
|---|---|
| 7 days parking @ 50¢ per day | 3.50 |
| Hospital report | 3.00 |
| Sheriff (for Howard Foster) | 24.60 |
| Sheriff (for Hospital Records) | 20.00 |

BALANCE DUE: $6,066.10"

[5] The full provision is: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1976).

enforce" the civil rights provisions. As such it falls within the express authorization of § 1988 and no extension of the express authorization is required to authorize it.

On the other hand, the Connecticut statute under which the plaintiff seeks to recover attorney's fees authorizes an award of legal fees as "economic loss sustained . . . as a result of *such prosecution.*" (Emphasis added.) It does not thereby authorize an award of attorney's fees sustained as a result of some other action. We conclude that the legislature, in authorizing indemnification for attorney's fees sustained "as a result of such prosecution," did not authorize recovery of attorney's fees sustained as a result of a separate action to enforce the right to indemnification under § 53-39a.

There is no error.

In this opinion the other judges concurred.