Alan **PINSHAW**, Plaintiff,

v.

Frederick **MONK**, et al., **Defendants.**

Civ. A. No. 79–928–MC.

United States District Court,
D. Massachusetts.

June 1, 1983.

Michael Avery, Boston, Mass., for plaintiff.

Alexander G. Gray, Jr., Asst. Atty. Gen., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This action is before the court on a motion for attorneys' fees and costs, pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988. In support of the application, the plaintiff has submitted the affidavit of Michael Avery, Esquire, trial attorney, and that of Howard Friedman, Esquire, who performed work in the Bankruptcy Court, in an effort to prevent discharge of any judgment rendered in this case. Each of these lawyers itemized the time spent and services performed, and submitted a suggested rate of compensation for, and information as to the qualifications of each. The matter was submitted without argument, on helpful memoranda supplied both by plaintiff's and defendant's counsel.

■ Plaintiff seeks an award in the amount of $7,194.17. After consideration of all of the factors enumerated in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), I determine that a reasonable award (attorneys' fees and costs) in this case would amount to Five Thousand, Three Hundred Fifty-Six Dollars and Seventeen Cents ($5,356.17). This conclusion involves consideration of the application in light of the *Johnson, supra,* factors; *King v. Greenblatt,* 560 F.2d 1024 (1st Cir.1977); *Souza v. Southworth,* 564 F.2d 609 (1st Cir.1977); *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Some of the *Johnson* factors are irrelevant to the determination of the application before the court. There is nothing here to indicate that either of the plaintiff's attorneys was forced to forego other employment opportunities because they were handling this particular case, or that any time limitations were imposed upon them by their client by way of extraordinary circumstances surrounding the litigation. There is no contention that their other work suffered neglect as a result of the litigation. There were no particular time constraints during the trial

itself, and finally, it appears that the prosecution of this action is the sole basis of the relationship between Mr. Pinshaw and his lawyers.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley, supra,* —— U.S. at ——, 103 S.Ct. at 1939. I have scrutinized the time claimed to have been spent by Mr. Avery on this case, and have considered it in the light of my own experience, personally and by way of observation of the performance of tasks by other attorneys, and find it to be reasonable. Indeed, "The defendant does not contest the reasonableness of the number of hours spent on the various aspects of this case as set forth in the affidavit of Attorney Avery." (P. 3, Memorandum in Support of the Defendant Monk's Opposition.) Mr. Avery claims to have expended a total of 44.7 hours in the preparation and trial of the case. I am satisfied that 13.7 hours were actually involved in the trial of the action, and that 31 hours were required reasonably for preparation.

■ The defendant Monk filed for bankruptcy, listing the plaintiff's cause of action as a debt. A suggestion of bankruptcy was filed in this action. The plaintiff then entered the bankruptcy proceedings to prevent discharge of any judgment rendered in this case. I accept, because I agree with, the contention of plaintiff that the time spent in the bankruptcy proceedings was necessary to successful prosecution of this action. If attorney's time spent on appeal and time spent collecting a judgment result in reimbursement [and they do]: *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Balark v. Curtin,* 655 F.2d 798 (7th Cir.1981), time spent in opposition to discharge of a judgment in the Bankruptcy Court should be compensable.

The defendant challenges the grant of compensation for hours spent on the bankruptcy proceeding. He distinguishes the cases cited by plaintiff which indicate that actions brought to enforce a judgment already obtained under 42 U.S.C. § 1983 may be compensated under § 1988. He insists that they are inappropriate to the bankruptcy proceeding which was brought prior to any judgment. Although appreciative of the distinction, it is my opinion that an award of compensation would be diluted if a fee were denied here when it was required to contest an effort to resist the collection of an ultimate judgment. *See Balark v. Curtin, supra.* Mr. Friedman's time spent (5.3 hours) is clearly reasonable.

We must now find the product of reasonable hours times a reasonable rate. Plaintiff suggests that Mr. Avery is entitled to a lodestar hourly rate of $100.00 an hour for all of the time spent in preparation and trial. It is true that the rates mentioned are within the range charged by attorneys with comparable experience practicing before the United States District Court in Massachusetts. On the other hand, I cannot agree with plaintiff's contention that, "This is not a case where it is appropriate to segregate various categories of time into different compensation levels depending upon the tasks performed." A sharp distinction should be made here between the time spent on trial and the out-of-court time. In the light of my experience as both practitioner and judge, I conclude that the value of Mr. Avery's work prior to trial was less than the value of the hours he spent utilizing those special skills with which he is endowed as a trial lawyer. The tasks which he performed prior to trial did not require the level of expertise needed for the trial itself.

Defendant suggests that, "Perhaps the best gauge of an appropriate hourly award is found in *Williams v. Travis*, No. 75–389–MC (D.Mass., June 20, 1980) where this court awarded Mr. Avery $80.00 an hour for work in court and $75.00 an hour for work out of court." Subsequently, in the case of *Weeks v. Gifford*, No. 77–3143–MC (August 12, 1981) I awarded Mr. Avery $100.00 an hour for work in court and $75.00 an hour for work out of court. I am satisfied that in this action, Mr. Avery should receive $100.00 an hour for in-court work and $90.00 an hour for out-of-court tasks. I have been influenced in this regard, not only by the passage of time, but by a comparison of the difficulties presented to the lawyer from the time of drafting the complaint through the moment at which the verdict was returned.

With respect to the work which was done in the Bankruptcy Court by Attorney Friedman, it is my opinion that a fair rate would be the $75.00 an hour which was requested by him.

Plaintiff, then, should receive $4,160.00 for the services of Mr. Avery, and $397.50 for the time spent by Mr. Friedman. The expenses of $798.67 are, in my opinion, reasonable. I would not, as suggested by defendant, deduct $94.50 for trial exhibits which the defendant considered unnecessary. I felt that they did aid in the presentation of the case and the jury's understanding of the issues. The total fees award, then, is $5,356.17 unless an adjustment is to be made. There is none.

This action did not involve any unusual, novel or difficult questions of constitutional law or problems of proof. Here, a physician brought the action against a member of a police force, and his complaint raised three issues, one of which was abandoned before the start of the trial. The jury was asked to determine whether plaintiff had been deprived of his constitutional right to petition the government for redress of grievance and whether there was a conspiracy to deprive plaintiff of constitutional rights. Three persons had been sued. The jury returned a verdict finding the defendant Officer Monk liable for $3,500.00 in damages and exonerating his superior officers. The jury did not award pre-judgment interest, nor did it grant punitive damages. The "novelty and difficulty of questions" factor does not justify an adjustment of fees either upward or downward.

With respect to the experience, reputation and ability of Mr. Avery and Mr. Friedman, there can be no question of the background of Mr. Avery in civil rights litigation, learned publications, teaching and lecturing, and his reputation. I have said before, and repeat, that he is a highly skillful advocate. Were he not, I would not value his time at $100.00 per hour. I will not lessen that hourly rate simply because this is not a complicated case. To do so would be to discourage competent counsel from pursuing claims of this sort, which although simple, are nonetheless meritorious. An attorney with less experience in handling civil rights cases would not have been granted $100.00 an hour by me, but the $100.00 hourly rate is not an unusual charge for attorneys with experience comparable to that of Mr. Avery who practice in this court. I consider, then, that this would be a customary fee in this community, in assessing what in this case is fair.

█ Plaintiff has asked for the application of a multiplier, to increase the lodestar award, because of the contingent nature of this suit. In support, he has directed our attention to *Heritage Homes of Attleboro, Inc. v. Seekonk Water District,* 548 F.Supp. 167 (D.Mass.1982), in which the court concluded that a 10% supplement was appropriate to reflect "the contingency factor" and that a further 15% supplement was appropriate to reflect the delay in payment. I considered seriously a supplement by reason of the contingency factor here and took into account the uncertainty of success inherent in cases of this nature, but decided against it in the light of the results which were achieved. The jury in this case made an award of only $3,500.00, and did so only after an explicit instruction that they could not (as they apparently wished to do) award only attorneys' fees. Although I will not adjust the lodestar downward, neither will I, in the light of the degree of success obtained here, adjust it in the other direction.

The Supreme Court has made it clear that the district court is not only entitled to, but "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Hensley, supra,* ── U.S. at ──, 103 S.Ct. at 1942.

█ The fact of recovery, in and of itself, is important in this case, but the amount of the award is something of a reflection of the "results obtained".

The defendant has emphasized the fact that the superior officers were exonerated here, that no pre-judgment interest was awarded by the jury, that punitive damages were denied, and that it follows from the verdict that the jury rejected the contention that a conspiracy existed. "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley, supra,* ── U.S. at ──, 103 S.Ct. at 1943. Here, although there were successful and unsuccessful claims, the attorney's work necessarily overlapped on all. The claims, then, were not distinct in all respects. This being so, counsel is entitled to be compensated for all of his time. All of the hours for which compensation is requested were required for litigation of the successful claim against Officer Monk.

## CONCLUSION

As recited hereinbefore, the plaintiff is awarded attorneys' fees and expenses in the total amount of $5,356.17.

Judgment for the plaintiff in that amount.