[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action against his former employer, the Borough of Naugatuck, seeking reimbursement for attorney's fees incurred in defending against a two count indictment for perjury.
The claim is pursuant to Connecticut General Statutes Section 53-39a which provides in pertinent part:
 Whenever, in any prosecution of an officer of . . . a local police department for a crime allegedly committed by such officer in the course of his duty . . ., the charge is dismissed or the officer found not guilty, such officer shall be indemnified by his employing governmental unit for economic loss sustained by him as a result of such prosecution, including the payment of any legal fees necessarily incurred.
Unquestionably, the plaintiff was employed by the defendant CT Page 3269 as a sergeant in its police department at all times relevant to this complaint.
A grand jury was investigating corruption in the Borough of Naugatuck in 1985. The plaintiff was subpoenaed to such grand jury on June 13, 1985 and July 1, 1985.
In December of 1985, the plaintiff was arrested on a two count warrant charging him with perjury in his grand jury testimony on June 13, 1985 and July 1, 1985. The perjury charges were tried before a jury and the plaintiff was convicted of the felony charge of perjury of the first count regarding testimony of June 13, 1985, but acquitted as to the second count regarding testimony of July 1, 1985.
The testimony referred in the indictment was as follows:
"On June 13, Crotty was asked the following:
 Do you know whether or not any payments were made to Mayor Rado for any show or fund raising activity put on by the police union.
Crotty responded: No sir.
On July 1, 1985, Crotty was asked the following:
 Q. Have you ever discussed cash payments to Mayor Rado with anyone? A. No sir.
 Q. The entry with respect to the check that I just showed you, the $192.00 check made payable to cash, is what (sic) in the checkbook?
 A. Check No. 155 dated 3/25. It says Mayor campaign donation, $192.00.
 Q. Do you have any knowledge whatsoever as to what happened to that check after you wrote it? A. No, sir.
 Q. And any knowledge as to why you wrote that particular check? A. I don't even remember what I did with it."
At the trial of this case, the evidence established that the CT Page 3270 plaintiff during his employment with the department; had been active in the police union, serving as its chief steward. The grand jury was particularly interested in a check for $192.00 from the police union to former Naugatuck Mayor Rado. The money was from the proceeds of a Naugatuck Police Union fund raiser known as the Bobby Rydell Show. The fund raiser and check issuance both occurred in 1982.
The plaintiff, as police union chief steward, had participated in union business and fund raisers during working hours. The Bobby Rydell Show had been approved by the Naugatuck Board of Police Commissioners as a union fund raising activity. Mr. Crotty testified before the grand jury during normal working hours for which he received his normal compensation.
The defendant's police department allowed officers to testify during their regular working hours, but did not compensate officers for testimony during off hours.
The plaintiff was not advised by anyone in the Naugatuck Police Department or any agent of the defendant with respect to his testimony before the grand jury.
The dispositive issue in this case is the application of the statutory provision of Section 53-39a "in the course of his duty".
Our Supreme Court has recognized that the indemnification statute, Connecticut General Section 53-39a modifies common law governmental immunity and must be strictly construed. Rawlings v. New Haven, 206 Conn. 100 at 105 (1988); Struckman v. Burns,205 Conn. 542, 588 (1983). The strict construction requires a court in interpreting the statute not to extend, modify, repeal or enlarge its scope by the mechanism of construction. Edwardson v. Rivera, 169 Conn. 630, 633 (1975); Dennis v. Shaw, 137 Conn. 450,452 (1951); Rawlings v. New Haven, supra at 105 (1988).
Accordingly, the plaintiff must satisfy the requirement that the "crime allegedly committed" was "in the course of his duty".
The crime allegation for which Mr. Crotty was acquitted was his testimony before the grand jury on July 1, 1985. An inquiry relating to his issuance of a check from Naugatuck Police Union fund raising proceeds to the Mayor of Naugatuck.
The defendant argues that the union activities are not for the benefit of the employer and are thus outside the scope of the course of his duties. In support of such claim, the defendant cites a New Jersey case interpreting a similar but not identical statutory provision. Querques v. City of New Jersey City,487 A.2d 1285 (1985); 469 A.2d 799 (1983). CT Page 3271
The court would not be inclined to follow the New Jersey cases in finding union activity beyond the course of an employee's duty to his employer.
It is unquestionably the express policy of this nation [National Labor Relations Act, Railway Labor Act] and this State [State Labor Relations Act 31-101 et seq., Municipal Employees Labor Relations Act 7-467 et seq., Teacher Negotiations Act 10-151a
et seq. and State Employees Labor Relations Act 5-270 et seq.] that collective bargaining is a protected and preferred form of labor relations. The union's statutory duty to enforce their collective bargaining agreement 7-470 (b), and the benefit to the employer from an orderly process of dispute resolution through good faith collective bargaining would mitigate against an exclusion of union activities from the course of a police officer's duty.
The crime alleged perjury purported to take place before a grand jury investigating corruption in the Borough of Naugatuck; and specifically payments by the Naugatuck Police Union to then Naugatuck Mayor Rado.
The factual determination thus becomes whether the plaintiff's testimony about contributions from the police union to Mayor Rado is attributable to the course of the plaintiff's duties as a police sergeant.
The test to be applied in construing this statutory phrase has been compared to that used in interpreting the workers' compensation statute provision referring to "within the course of employment" Link v. Shelton, 186 Conn. 623 (1982)], construing Connecticut General Statutes Section 53-39a.
A three part test has been established regarding the application of Connecticut General Statutes Section 31-275 (12) "within the course of employment". The employer must be 1) within period of employment; 2) at a place where employee could reasonably be and 3) at a time when he was reasonably fulfilling duties of employment or doing something incidental to it. Ryeson v. A. E. Bundy Co. Inc., 107 Conn. 370 (1928); King v. Fraskett Bushy Co., 14 Conn. 336 (1946).
The plaintiff was within the period of his employment. He was compensated and was on duty during the time he was testifying before the grand jury. In view of the testimony of other police officers before the grand jury, he was in a place where he could reasonably expect to be by his employer.
The final criteria is more difficult for plaintiff. In testifying about proceeds of a fund raiser transmitted by the CT Page 3272 police union to the mayor, was the plaintiff reasonably fulfilling duties of employment or doing something incidental to it.
The plaintiff testified that although the Board of Police Commissioners had approved of the union fund raiser known as the "Bobby Rydell Show"; it had no interests in the proceeds or their distribution. The plaintiff conceded that no person associated with the defendant had in any way directed the distribution of the proceeds (the property of the union), or influenced his grand jury testimony.
The court remarks about the employer's interest in collective bargaining and the administration of a collective bargaining agreement; do not extend to the union's administration of its own affairs and funds.
An employer's interference in such internal affairs of a labor organization are expressly prohibited by the Municipal Employees Labor Relations Act 7-470 (b).
The question of whether a worker's conduct is within the course of his employment or "in the course of his duty" is a factual issue. Fair v. People's Sav. Bank, 207 Conn. 535 (1988); Link v. Shelton, 186 Conn. 623 (1982).
The court finds that the plaintiff in testifying before the grand jury about payments from the police union to the Mayor was not acting in the course of his duties as a Naugatuck Police Sergeant.
Judgment enters for the defendant Borough of Naugatuck.
McWEENY, J.