WILLIAM DUGAN vs. BOARD OF SELECTMEN OF
DARTMOUTH.[1]

Bristol. September 14, 1992. - November 6, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Municipal Corporations*, Officers and employees. *Public Employment*, Indemnification of employee. *Practice, Civil*, Attorney's fees.

In a town employee's action to enforce his right under G. L. c. 258, § 13, to indemnification by his municipal employer, it was appropriate for the judge to entertain the successful plaintiff's motion for an award of his attorneys' fees. [643]

A town employee was entitled to recover from his municipal employer the attorneys' fees he incurred in his successful action to enforce his indemnification right under G. L. c. 258, § 13, as well as his reasonable attorneys' fees and expenses in prosecuting an appeal from the judge's denial of his motion for an award of fees. [643-646]

CIVIL ACTION commenced in the Superior Court Department on July 6, 1990.

The case was heard by *William H. Carey*, J., and a motion for an award of attorney's fees was considered by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William M. Straus* for the plaintiff.

*John A. Birknes, Jr.*, Town Counsel, for the defendant.

WILKINS, J. The town of Dartmouth has accepted the provisions of G. L. c. 258, § 13 (1990 ed.), under which it is obliged to indemnify municipal officers against personal financial loss and expense, including reasonable legal fees and costs, "arising out of any claim, demand, suit or judgment by

---

[1]The plaintiff's complaint names the selectmen of Dartmouth as defendants. Any liability in this case is that of the town, and any judgment should be entered against the town.

reason of any act or omission" (with exceptions not here relevant) while acting within the scope of their official duties or employment.[2] The plaintiff Dugan, then a police officer of the town, was involved in an incident with one Andrew Kaluma in April, 1987, after which Kaluma commenced an action against Dugan and others in the United States District Court for the District of Massachusetts. A jury returned a verdict against Dugan for malicious prosecution of Kaluma and assessed damages. Dugan then unsuccessfully demanded indemnification from the town.[3]

Dugan brought this action on July 6, 1990, to enforce his right to indemnification, and obtained a judgment on August 22, 1990, declaring that he was entitled to be indemnified for compensatory damages arising out of any final judgment entered against him in the Federal court action. The town fulfilled its obligation under the declaratory judgment in the last week of December, 1990. On February 27, 1991, Dugan moved for an award against the town in the amount of the attorneys' fees he incurred in this action.

The same judge who had decided that the town was obliged to indemnify Dugan ruled that G. L. c. 258, § 13, did not require the town to compensate Dugan for his legal fees in this action. He added that, in his discretion, an award of attorneys' fees was not warranted. The judge suggested that the motion for attorneys' fees came late but did not deny it on that ground. We transferred to this court Dugan's appeal

---

[2]The relevant portion of § 13 reads as follows:

"[Any municipality which accepts this section] shall indemnify and save harmless municipal officers, elected or appointed from personal financial loss and expense including reasonable legal fees and costs, if any, in an amount not to exceed one million dollars, arising out of any claim, demand, suit or judgment by reason of any act or omission, except an intentional violation of civil rights of any person, if the official at the time of such act or omission was acting within the scope of his official duties or employment."

[3]The town was not in all respects indifferent to its obligation to indemnify Dugan. A June, 1990, town meeting appropriated funds to indemnify Dugan and the others. However, in July, 1990, a referendum vote overturned the town meeting action.

from the order denying him attorneys' fees. We vacate the order and shall remand the case to the Superior Court for further consideration in light of this opinion.

Dugan's motion for an award of attorneys' fees was not untimely. The August, 1990, judgment did not address the question of attorneys' fees incurred in this action. Dugan's motion for an award of attorneys' fees was not a motion to alter or amend a judgment. See *Draper* v. *Town Clerk of Greenfield*, 384 Mass. 444, 449-451 (1981), cert. denied sub nom. *Draper* v. *Prescott*, 456 U.S. 947 (1982). Cf. *White* v. *New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451-452 (1982). The subject of attorneys' fees could not be dealt with comprehensively until the judgment in the Federal action was final and the town had complied with the order in this action to indemnify Dugan. In his complaint, Dugan had requested an order granting him attorneys' fees in this action. The town thus had notice of the possible assertion of a claim for attorneys' fees. There was no prejudice to the town because of the delay. At the least, the trial judge had discretion to entertain the motion on the merits, and he did so. See *Society of Jesus of New England* v. *Boston Landmarks Comm'n*, 411 Mass. 754, 756-757 (1992).

Dugan relies solely on the provisions of G. L. c. 258, § 13, as support for his claim for the award of attorneys' fees in this action. He is entitled to indemnification for attorneys' fees "arising out of" the Federal action against him. G. L. c. 258, § 13. The question is whether attorneys' fees incurred to enforce a statutory right of indemnification are fees for which the Legislature intended people like Dugan be indemnified. Such fees did not arise *in* the Federal case, but they did arise *as a result of* that case. Thus, in a broad sense, they arose out of the Federal action. Section 13 does not say, as it easily could have, that the obligation to pay attorneys' fees is limited to those incurred in the underlying action. On the other hand, § 13 does not explicitly state that legal fees incurred in enforcing one's indemnification rights should be reimbursed.

The town's position is supported by the result in the 1982 opinion of the Supreme Court of Connecticut in *Link* v. *Shelton*, 186 Conn. 623 (1982). A police officer, who had been found not guilty of breach of the peace committed in the course of his duties, sought indemnification from the city. A statute provided that, in such circumstances, the city should indemnify the officer "for economic loss sustained by him as a result of such prosecution, including the payment of any legal fees necessarily incurred." *Id.* at 625 n.1. The court directed that the city indemnify the officer for his attorneys' fees incurred in the defense of the criminal charges (*id.* at 629-630), but denied him indemnification for the cost of enforcing his right to indemnification (*id.* at 632). It concluded that the latter legal expenses were not covered by the statute because they were not "sustained as a result of such prosecution" but rather "as a result of a separate action." *Id.* The court did not discuss the statutory direction to indemnify such an officer for the payment of any legal fees "necessarily incurred."

Dugan's position is supported by cases under 42 U.S.C. § 1988 (1988), which take a broad view of the rights of a successful plaintiff who seeks reimbursement for attorneys' fees incurred in fully enforcing the plaintiff's rights under civil rights laws, such as 42 U.S.C. § 1983 (1988). Section 1988 directs the allowance of a reasonable attorneys' fee to a prevailing party "[i]n any action or proceeding to enforce a provision of [§ 1983 and other sections]." It is well-established that attorneys' fees incurred in obtaining or sustaining an award of § 1988 attorneys' fees in a civil rights action should themselves be awarded under § 1988. See, e.g., *Bond* v. *Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980); *Lund* v. *Affleck*, 587 F.2d 75, 77 (1st Cir. 1978).

Courts have dealt with claims under § 1988 for the payment of counsel fees for legal services rendered in separate actions brought to recover amounts awarded pursuant to § 1983 or a similar civil rights provision. In each such case that we have found, the court approved the award of counsel fees under § 1988, based on its view of congressional intent

and seemingly ignoring the provision in § 1988 that such an allowance may be made only in an "action or proceeding to enforce" § 1983 or a similar civil rights law.[4] See *Dotson* v. *Chester*, 937 F.2d 920, 932-934 (4th Cir. 1991) (attorneys' fees incurred in seeking to enforce § 1983 judgment); *Argento* v. *Melrose Park*, 838 F.2d 1483, 1495-1496 (7th Cir. 1988) (attorneys' fees incurred in proceeding against in- surer of unsuccessful civil rights defendants); *Balark* v. *Cur- tin*, 655 F.2d 798, 802-803 (7th Cir. 1981) (attorneys' fees incurred in garnishment action to collect civil rights judg- ment).[5] See also *Pinshaw* v. *Monk*, 565 F. Supp. 44, 45-46 (D. Mass. 1983) (award of attorneys' fees for opposing dis- charge of civil rights judgment by Bankruptcy Court).

Section 13 states that an officer of a municipality which has accepted that section must be protected against personal liability for damages and attorneys' fees that arise out of a civil action against the municipal officer (to a dollar limit of $1,000,000 and excluding intentional violations of civil rights). If a municipality declines to fulfil its duty under § 13 to indemnify such an officer (an obligation that in this case was clear), an action against it by the municipal officer (or perhaps the successful plaintiff in the underlying action) will normally follow.

---

[4]The Connecticut court rejected any analogy to § 1988 cases on the ground that there is a difference between a claim for attorneys' fees made within a civil rights action and one made in an independent action. *Link* v. *Shelton*, 186 Conn. 623, 631-632 (1982). The difference is obvious and unavoidable because the entity that has an indemnity obligation often is not a party to the underlying action.

[5]"Congress has determined that attorneys' fees are necessary to fulfill the purposes of the civil rights laws by transferring the costs of litigation to those who infringe upon basic civil rights. . . . The compensatory goals of the civil rights laws would thus be undermined if fees were not also availa- ble when defendants oppose the *collection* of civil rights judgments. An award of compensation for injuries sustained as a result of unconstitutional state action would be 'diluted' if fees were denied to plaintiffs required to contest substantial efforts to resist or obstruct the collection of civil rights judgments. The victory would be hollow if plaintiffs were left with a paper judgment not negotiable into cash except by undertaking burdensome and uncompensated litigation." (Citation omitted.) (Emphasis in original.) *Balark* v. *Curtin, supra* at 803.

Dugan's legal fees and expenses arise out of the Federal suit within the intent of § 13, and, therefore, Dugan should be indemnified for legal fees and expenses he incurred in order that he be made whole. It is true that the public policy behind vindicating civil rights through an award of legal costs to a prevailing plaintiff may be stronger than the policy behind indemnifying an unsuccessful municipal officer defendant in a civil action. However, the underlying legislative purpose of making a person whole is the same in each instance. By accepting § 13, the town has agreed to pay the judgment and costs of defense. It should pay for the consequences of its failure to do so. The rule we adopt encourages municipalities with a duty to indemnify to do so promptly. It also provides protection to municipal employees who have a right to rely on the objective underlying § 13. The town's voters created the situation requiring Dugan to sue, and they should compensate Dugan for the adverse effects of their action on him. The rule we adopt tends to assure that all municipal officers protected by § 13 will be treated equally.

The order denying counsel fees is vacated, and the case is remanded to the Superior Court for further consideration of the motion for the award of attorneys' fees and expenses, which should include the plaintiff's reasonable attorneys' fees and expenses in prosecuting this appeal.

*So ordered.*