Martin, J.
The defendant, Barboza Ford World, brings this appeal pursuant to Rule 8A(a) of the District Court Rules for Appellate Procedure. The defendant complains that the trial judge erred in allowing attorney fees after entry of judgment, whether the appeal was timely filed, and whether a motion to extend time for filing notice of appeal should have been allowed. We affirm the action of the trial judge.
This is an action concerning the tampering of an odometer, G.L.c. 266, §141, violation of G.Lc. 93A and breach of contract. The answer denied violations of law or breach of contract. In his prayer for relief, the plaintiff requested reasonable attorney fees and costs.
A trial was held and a finding for the plaintiff was made on the odometer count of $1500, plus costs. A finding for the defendant was made on the other counts. In a timely fashion, a motion was made for the plaintiff under M.G.LAc. 266, §141 and Rule 52(b) and Rule 59(e) for attorney fees.
The motion was heard by a judge (other than the trial judge) who denied the motion on October 10,1994 without prejudice to its being refiled and heard by the trial judge who had entered the judgment for the plaintiff. Judge Sullivan then reheard the motion and entered an amended judgment for the plaintiff; awarding $1400 for attorney fees. The defendant appeals the award of attorney fees and not the judgment in chief.
The awarding of attorney fees:
1.1 find that the motion for the award of attorney fees was timely. Rule 59(e), Rule 52 (b). The original judgment did not address the issue of attorney fees. I find no abuse of discretion by the allowance of the motion. Dugan v. Board of Selectmen of Dartmouth, 413 Mass. 641 (1992).
2. The motion judge that heard the evidence had a sufficient basis for the awarding of attorney fees and there was no abuse of discretion.
CONCLUSION
G.L.c. 266, §141, the Odometer Tampering Statute, creates a cause of action in tort or contract for thrice the actual damages plus a “reasonable attorney fee” as determined by the court. The statute also provides that a violation is an unfair method of competition under 93A Clearly, the defendant appellant was chargeable with notice that an attorney’s fee was an element of damages in such an action. Athough the issue of attorney fees was not addressed at the time the action was heard, the trial judge heard the evidence and examined the pleadings and had a sufficient basis to determine an award of attorney fees. It was within the competence of the court to amend the award of damages properly to reflect the attorney fee contemplated by statute within the time permitted for an amendment of judgment. The fact that the plaintiff did not reserve the right after resting his case to *102 file an affidavit or application for attorney fees is not significant. The act of the first judge in denying the motion (otherwise timely) without prejudice to refile the same should be viewed in its proper context; since the first judge (Raposa) did not hear the case, his action should be viewed as a decision to defer to the judge who heard the trial to make the determination of the motion on its merits. Clearly, remarking the motion satisfied the intent of the judge’s order. “Refiling” arguably might have resulted in the motion being deemed untimely.
We award an additional $1,000 for appellate attorney fees.
So ordered.