[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO STRIKE COUNTER-AFFIDAVITS DATEDSEPTEMBER 18, 1996 AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENTDATED JUNE 18, 1996.
CT Page 1079
In this case, the plaintiff, Joanne Cerniglia, brings a claim against the defendant, Dawn Levasseur, alleging that defendant had sexual relations with plaintiff's former spouse, John Cerniglia, while defendant had a sexually transmitted disease. Plaintiff alleges that defendant engaged in this sexual relationship without disclosing and warning John Cerniglia that she was suffering from a contagious sexually transmitted disease. Plaintiff further alleges that her former husband — not a named defendant in this case but a defendant in another similar case brought by plaintiff — transmitted the disease to her The underlying facts in this case, knowledge of which is assumed, is set out in detail in Judge Hennessey's Memorandum of Decision on Motion to Strike dated August 15, 1995.[1]
On June 18, 1996, defendant filed a motion for summary judgment, with supporting documentation. On September 16, 1996, plaintiff filed a memorandum in opposition to the motion for summary judgment, including a September 16, 1996, affidavit from plaintiff and other supporting documentation in opposition to the motion for summary judgment. On September 18, 1996, defendant filed a motion to strike counteraffidavits, alleging that the plaintiff's documentation in opposition failed in numerous respects to comply with Practice Book Sections 378 et seq. In response, on October 9, 1996, plaintiff filed an objection to and memorandum of law in opposition to defendant's motion to strike, along with various amended affidavits and exhibits responding to many of defendant's concerns.
These matters have been extensively argued and briefed and are now ready for decision.[2]
I. Motion to Strike
A motion to strike is the proper method to attack counteraffidavits which do not comply with practice book rules. 2830 Whitney Avenue Corp. v. Heritage Canal DevelopmentAssociates, Inc. 33 Conn. App. 563, 569 (1994).
A. Affidavit of Joanne Cerniglia dated October 11, 1996.
This affidavit is now in proper form. The motion to strike it in its entirety is therefore denied. CT Page 1080
However, defendant argues that certain portions of plaintiff's October 11, 1996, affidavit must be stricken pursuant to Practice Book Section 381, which provides in part that "Supporting and opposing affidavits shall be made on personal knowledge," and "shall set forth such facts as would be admissible in evidence. . ." Specifically, defendant moves to strike the following paragraphs of plaintiff's affidavit on the grounds that the information contained therein is inadmissible hearsay:
 10. During September of 1993 for the first time my husband John Cerniglia admitted to me that he had sex with Defendant Dawn LeVasseur during the months of June, 1993 and July, 1993;
 11. During the fall of 1993 Defendant Dawn LeVasseur told John Cerniglia for the first time that she had genital herpes according to John Cerniglia's admission to me;
 12. On Wednesday September 11, 1996, between 7:30 and 8:00 p. m., when John Cerniglia dropped our three children off after a visitation, I confronted him on my own accord with regards to his testimony that he gave at his deposition and he told me the following:
 (a) That he did not know that defendant Dawn LeVasseur had herpes prior to having sex with her in June, 1993 and July, 1993;
 (b) That if he knew defendant Dawn LeVasseur had herpes he would not have had sex with her in June, 1993 and July, 1993;
 (c) That at his deposition he misstated the date he learned Defendant Dawn LeVasseur had herpes and misstated the date that they began having sex as July 22, 1996 in order to protect himself and Defendant Dawn LeVasseur from pending lawsuits.
Defendant argues that the above statements, alleged to be hearsay, are insufficient to support or contradict facts offered by an opposing party in a summary judgment motion.Sheridan v. Board of Education, 20 Conn. App. 231, 240 (1989). CT Page 1081 Plaintiff argues, in response, that the statements are admissible, alternatively, because they were made in pursuit of a "common enterprise" or because they may be considered in the nature of declarations of a partner.
As noted, Practice Book 381 does require that an affidavit "set forth such facts as would be admissible inevidence." (Emphasis added.) However, it does not contemplate a ruling in the context of a full trial. Moreover, this language leaves unresolved an obvious question: "Would be admissible" in evidence under what circumstances?
Here, the principal issue of fact in dispute — whether defendant communicated to John Cerniglia the fact that she had the sexually transmitted disease, and if so, when — is fundamentally an issue relating to John Cerniglia's knowledge. Factual issues relating to what a person "knew" and when they knew it" must be distinguished from other sorts of objectively verifiable facts — such as what day Lincoln delivered the Gettysburg Address (November 19, 1863), or the number of square miles in the City of Hartford (18.0). Determination of some types of "facts" — particularly analysis of what a person is alleged to have "known" and when — requires more subtle and probing analysis than others. While Practice Book Section 381 requires that affidavits "set forth such facts as would be admissible," this section is frankly somewhat ill-adapted to the making of pretrial rulings on evidentiary issues relating to disputes about a party's state of knowledge at a particular time, given the facts in this somewhat unusual case, and its procedural posture.
Here, plaintiff has set out in a sworn affidavit the above assertions and statements, clearly indicating that John Cerniglia made certain statements to her. It is difficult, given the nature of this case, to decide the evidentiary issues raised in the absence of a full trial setting, including a full trial record of testimony by other witnesses to provide proper context, for a number of reasons. Whether the information set out in paragraphs 10, 11, and 12 is hearsay in the first instance depends on factors not clear on the present record. These factors include, among other things, whether the statements are offered or will be offered for the truth of what is asserted, or for some other purpose (for example, impeachment or notice) and the circumstances under which the statements were made. Whether a particular hearsay CT Page 1082 exception applies — particularly the so-called "catch-all" exception — cannot be fully evaluated and determined in the absence of the trial setting. See Tait and Laplante'sHandbook of Connecticut Evidence. Section 11.25, "Catch-all Exception," (2d ed. 1988), referring to dicta in State v.Stepney, 191 Conn. 233, 249-50, 464 A.2d 758 (1983), in which the court stated that "Though generally inadmissible, hearsay may be admitted if there is sufficient probability that the statement is reliable, if the evidence contained in the statement is necessary to the resolution of the case, and if the trial court concludes that admitting the statement is in the interests of justice." And whether plaintiff's "common enterprise" or "declaration of a partner" arguments might be persuasive is not clear in the absence of a trial setting.[3]
In summary, on the present record, it cannot be determined with certainty that the statements would not be admissible at trial. An unduly stringent application of Practice Book Section 381, in these circumstances, is not called for. See Practice Book Section 6. I therefore conclude that the motion to strike paragraphs 10, 11, and 12 should be denied. I stress that this ruling is made for purposes of deciding the pending motion only and is not intended to establish a law of the case for trial purposes or any other purposes whatever. Moreover, this decision is based on and limited to the unusual facts of this case.
(2) Excerpts from Joanne Cerniglia's deposition of October 6,1995.
The objection that the deposition excerpts are in improper form because the court reporter did not individually certify that the pages submitted are from plaintiff's deposition is overruled, absent authority supporting it.
(3) Excerpts of John Cerniglia's deposition of August 1, 1995.
The objection is overruled. The excerpt is now in proper form. Practice Book Section 380 requires that a submission be "appropriate," but does not require that all documentary evidence submitted must be admissible at trial, as contradistinguished from the requirement of Practice Book Section 381.
(4) Statement of Tony Dobek sworn to on September 26, 1996.
CT Page 1083
The objection is overruled. The statement is sworn to and is "appropriate" under Practice Book Section 380, even if some or all of it might be objected to in the trial setting.
(5) Excerpts from Dawn LeVasseur's deposition dated July 25.1996.
The objection is overruled. The excerpt is now in proper form.
(6) Statements of Brian Wood dated August 14, 1996, and GlennPayanis dated August 9, 1996.
The objection is sustained as to these two statements in that they are not sworn to.
II. Motion for Summary Judgment
"The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v.Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624, cert.denied, 228 Conn. 908, 634 A.2d 297 (1993). The court is confined to an examination of the pleadings and affidavits to determine whether they show that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. Yanow v. Teal Industries, Inc.,178 Conn. 262, 269, 422 A.2d 331 (1979). The movant has the burden of showing the nonexistence of an genuine issue of material fact, that is, a fact that will make a difference in the result at trial. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 579, 573 A.2d 595, cert. denied, 208 Conn. 803,545 A.2d 1100 (1988). In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and evaluate whether a party would be entitled to a directed verdict on the same facts. Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507
(1994). There are situations . . . which do not lend themselves to summary disposition. "`It is . . . well-recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'" Nolan v. Borkowski, 206 Conn. 495 (1988),538 A.2d 1031 (1988), citing Batick v. Seymour, 186 Conn. 631, CT Page 1084443 A.2d 471 (1982). The same might be said in cases where credibility and the extent of a person's knowledge are principal issues. Litigants have a constitutional right to have issues of fact decided by a jury. Ardoline v. Keegan,140 Conn. 552, 555, 102 A.2d 352 (1954). "Summary judgment procedure is particularly ill adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good EarthRestaurant Corporation, 164 Conn. 194, 199, 319 A.2d 403
(1972).
In this case, a genuine issue of material fact exists with respect to when John Cerniglia became aware of the fact that defendant had a sexually transmitted disease. See Judge Hennessey's Memorandum of Decision on Motion to Strike, dated August 15, 1996. See also Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment dated September 16, 1996, including but not limited to October 6, 1995, deposition of Joanne Cerniglia at pages 57 and 107 and the now sworn statement of Tony Dobek dated August 14, 1996.
In summary, I conclude there is a genuine issue of material fact requiring a trial at which the testimony of witnesses can be personally assessed and evaluated by a jury evaluating not allegations set out in documents, but in person testimony in open court. Defendant's motion for summary judgment is therefore denied.[4]
Douglas S. Lavine Judge Superior Court