Denise SEIBEL, et al.,

v.

Richard Gerald PAOLINO.

No. CIV. A. 90–752.

United States District Court,
E.D. Pennsylvania.

May 19, 2000.

## MEMORANDUM AND ORDER

KELLY, District Judge.

Presently before the Court is a motion by the Plaintiffs, Denise Seibel, Deborah Aikman, Kim Blaney and Anne Marie Harrison (the "Plaintiffs") for additional attorney's fees. The motion arises out of the Plaintiffs' sexual harassment law suit against the Defendant, Richard Gerald Paolino ("Paolino"), filed in this Court pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e–17 (1994). For the following reasons, the Plaintiffs' motion is granted.

## I. BACKGROUND

Approximately ten years ago, the Plaintiffs filed suit against Paolino alleging sexual harassment in violation of Title VII. This Court entered a default judgment in favor of the Plaintiffs, and after an assessment of damages hearing, entered final judgment for the Plaintiffs. The Plaintiffs were awarded damages totaling, in the aggregate, $254,190.00. Following entry of the judgments, the Plaintiffs' filed a motion for attorney's fees. The Court granted the motion, ordering Paolino to pay $24,522.00 in fees and costs.

Almost immediately following the close of the Title VII proceedings before this Court, the Plaintiffs learned that Paolino was a debtor in Chapter 7 bankruptcy proceedings. Accordingly, the Plaintiffs petitioned the bankruptcy court to have their Title VII judgments declared to be administrative claims, thereby giving them priority in asset distribution, and to have the judgments be deemed the result of willful and malicious conduct on Paolino's part, thereby making them nondischargeable.

While the bankruptcy proceedings were pending, Paolino filed a Motion for Relief from Judgment in this Court, which was denied with prejudice. Thereafter, the Plaintiffs filed a second motion for attorney's fees, seeking $47,295.94 for counsel's efforts in successfully defending Paolino's motion for relief from judgment and for fees incurred in seeking to enforce the Title VII judgments. By Order dated September 18, 1992, this Court granted the Plaintiffs' motion as to the defense of Paolino's motion, but denied it with regard to the bankruptcy proceeding.

Eventually, the Plaintiffs negotiated a settlement with the bankruptcy trustee, agreeing that 80% of their Title VII judgments, not including the award of attorney's fees, would be given administrative priority during distribution of the bankruptcy estate. Over the objections of Paolino and the Internal Revenue Service, the settlement was approved by the Bankruptcy Court and affirmed on appeal to the United States District Court.

As for the nondischargeability issue, the Bankruptcy Court ruled that because the Title VII judgments were awarded by default, the issue of whether these debts were the consequence of Paolino's willful and malicious conduct had to be litigated de novo. Essentially, then, the Plaintiffs litigated a trial on the merits of their Title VII claims. Ultimately, the Bankruptcy Court found Paolino's conduct to be willful and malicious, ruling that the Title VII judgments, including the award of attorney's fees, were nondischargeable. The Bankruptcy Court's decision was affirmed on appeal by both the District Court and the United States Court of Appeals for the Third Circuit.

On January 12, 2000, the Bankruptcy Court approved the final report of the trustee in bankruptcy. Accordingly, the Plaintiffs have received, to date, $203,470.00 from the bankruptcy estate, or 80% of the Title VII damages award. Their instant motion seeks to recover $114,040.18 in additional attorney's fees for counsel's efforts in the bankruptcy court necessary to enforce their Title VII judgments.[1]

## II. DISCUSSION

### A. Availability of Attorney's Fees

 Under Title VII, the prevailing party is entitled to an award of reasonable attorney's fees incurred in an action or proceeding brought under Title VII. See 42 U.S.C. § 2000e–5(k). It is well established that this includes attorney's fees incurred not just in proceedings leading up to judgment in the initial action, but also in post-judgment attempts to attack the judgment. See Prandini v. National Tea Co., 585 F.2d 47, 53–54 (3d Cir.1978); see also Norris v. Hartmarx Specialty Stores, Inc., 913 F.2d 253, 257 (5th Cir.1990); Marks v. Prattco, Inc., 633 F.2d 1122, 1125–26 (5th Cir.1981); Fischer v. Adams, 572 F.2d 406, 409 (1st Cir.1978). In this case, the Plaintiffs request attorney's fees resulting from their post-judgment efforts to collect their Title VII judgments in bankruptcy court. The issue, then, is whether the right to attorney's fees under Title VII includes those resulting from efforts directed at collecting a Title VII judgment through bankruptcy dischargeability proceedings.

The parties have not cited, nor has the Court found, any caselaw addressing this exact issue. Several courts, however, have awarded the prevailing party attorney's fees in analogous contexts. First, in Bond v. Stanton, 630 F.2d 1231 (7th Cir.1980), the Seventh Circuit Court of Appeals held that the plaintiffs in a successful § 1983 action were entitled to attorney's fees in-

curred in litigating their entitlement to attorney's fees. See id. at 1235. In so deciding, the court found that any other result would be contrary to Congress' intent in passing the Fees Act, 42 U.S.C. § 1988. See Bond, 630 F.2d at 1235. Quoting the Sixth Circuit, the court stated:

> When Congress passed the [Fees] Act its basic purpose was to encourage the private prosecution of civil rights suits through the transfer of the costs of litigation to those who infringe upon basic civil rights. If a successful party in a civil rights suit is awarded attorney's fees under the [Fees] Act and he cannot secure attorney's fees for legal services needed to defend the award on appeal, the underlying Congressional purpose for the Act would be frustrated.

Id. at 1235 (quoting Weisenberger v. Huecker, 593 F.2d 49, 53–54 (6th Cir. 1979)); see also Hernandez v. Kalinowski, 146 F.3d 196, 199 (3d Cir.1998); Hernandez v. George, 793 F.2d 264, 269 (3d Cir. 1986).

Subsequent to Bond, the Seventh Circuit held in Balark v. Curtin, 655 F.2d 798 (7th Cir.1981), that a judgment creditor in a § 1983 case was entitled to attorney's fees for the prosecution of garnishment proceedings. See id. at 803. In Balark, the plaintiff prevailed on her civil rights claim and successfully sought to collect her judgment by garnishing the wages of the defendants. See id. at 799–800. She then sought attorney's fees pursuant to § 1988 for her successful garnishment action. See id. at 800. The court relied on Bond in finding that Congress' compensatory goals would be undermined if fees were not also available when defendants oppose the collection of civil rights judgments because the damages awards would be diluted by the increased litigation costs. See id.

1. The $114,040.18 sought by the Plaintiffs is comprised of the $37,610.18 initially sought by the Plaintiffs in their prior motion for additional attorney's fees, as well as $76,430.00 in fees incurred in pursuing the Title VII judgments from August 1, 1992 to the present.

Finally, the Massachusetts District Court held in *Pinshaw v. Monk*, 565 F.Supp. 44 (D.Mass.1983), that the plaintiff was entitled to attorney's fees for time spent opposing discharge of his civil rights judgment in bankruptcy court. *See id.* at 45. Similar to the instant case, the defendant in *Pinshaw* filed for bankruptcy and listed the plaintiff's cause of action as a debt. *See id.* The plaintiff successfully sought to prevent the discharge of that debt, and then sought attorney's fees. *See id.* The court held that because an "attorney's time spent on appeal and time spent collecting a judgment result in reimbursement, ... time spent in opposition to discharge of a judgment in the Bankruptcy Court should be compensable." *Id.*

■ The Court finds these cases to be instantly applicable. First, the standards for assessing attorney's fees under § 1988 and § 2000e–5(k) are virtually identical,[2] and the Third Circuit has noted that cases interpreting one statute may be used to interpret the other. *See Sullivan v. Commonwealth of Pa. Dept. of Labor & Indus.*, 663 F.2d 443, 447 n. 5 (3d Cir.1981); *see also Hanrahan v. Hampton*, 446 U.S. 754, 758 n. 4, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (noting counsel fees provision of § 1988 was patterned on that of Title VII); *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 n. 1 (3d Cir.1990). Additionally, both statutes were intended to encourage the filing of meritorious civil rights suits by transferring the costs of litigation to those who infringe upon others' civil rights. *See Prandini*, 585 F.2d at 53; *see also Vukadinovich v. McCarthy*, 59 F.3d 58, 60–61 (7th Cir.1995); *Weisenberger*, 593 F.2d at 53–54. Therefore, applying these cases to the instant matter, the Court finds that the Plaintiffs are entitled to the award of attorney's fees for their

efforts directed at enforcing their civil rights judgment. The Plaintiffs, when met with opposition from Paolino in collecting their civil rights judgments, pursued their damages awards in bankruptcy court. Their circumstance is virtually identical to that of the plaintiff in *Pinshaw* who was awarded attorney's fees. Similarly, just as the *Balark* plaintiff's award for violations of her civil rights would have been diluted if fees resulting from the garnishment proceedings were denied, so too would that of the Plaintiffs. Therefore, because "[t]he victory would be hollow if [the] plaintiffs were left with a paper judgment not negotiable into cash except by undertaking burdensome and uncompensated litigation," *Balark*, 655 F.2d at 803, they are entitled to reasonable attorney's fees incurred in collecting their Title VII judgments in bankruptcy court.

■ This is the case notwithstanding the fact that the Plaintiffs expended their efforts in bankruptcy court, as opposed to some other forum. Paolino argues that this is not a Title VII attorney's fee matter but rather it is simply a dischargeability proceeding for which there is no general right to attorney's fees. *See In re Coast Trading Co.*, 744 F.2d 686, 693 (9th Cir. 1984). While Paolino correctly states this general principle of law, courts have found it not to apply when there exists an independent basis for the award of attorney's fees. For instance, the *Pinshaw* court awarded attorney's fees despite the fact that they were being sought for time spent on dischargeability proceedings. *See Pinshaw*, 565 F.Supp. at 45. Further, in *In re Coast Trading*, the Ninth Circuit stated that while there is no general right to attorney's fees for bankruptcy actions, a party may be entitled to such under applicable state law. *See id.* at 693. Finally, in

---

2. The attorney's fee provision in Title VII provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs...." 42 U.S.C. § 2000e–5(k). Section 1988 provides, simi-

larly, that "[i]n any action or proceeding to enforce a provision of [certain specified sections including 1983], the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." *Id.* § 1988.

*In re Hashemi,* 104 F.3d 1122 (9th Cir. 1997), the Ninth Circuit similarly decided whether attorney's fees were available in a dischargeability proceeding where a clause in a contract between the creditor and the debtor provided for such. *See id.* at 1126. The contract provided that the creditor could recover attorney's fees incurred in enforcing its rights under the contract. *See id.* Therefore, the court examined whether the dischargeability proceeding involved a determination of the enforceability of the agreement. *See id.* Finding that it did not, the court denied the creditor's motion for attorney's fees. *See id.* Nevertheless, these cases show that attorney's fees may be available notwithstanding the fact that they were incurred in pursuing a bankruptcy matter so long as there is an independent basis for their award.

Here, § 2000e–5(k) of Title VII provides such an independent basis, stating that attorney's fees are available in any action or proceeding under Title VII. *See* 42 U.S.C. § 2000e–5(k). As discussed above, this concept is broadly interpreted and the Court finds that it includes the Plaintiff's efforts to collect their Title VII judgment in bankruptcy court. *See Pinshaw,* 565 F.Supp. at 45. They are therefore entitled to reasonable attorney's fees.

**B.** *Reasonable Fees*

In light of the Court's foregoing finding, the Court will hold an evidentiary hearing on this matter to assess the amount of attorney's fees to which the Plaintiffs are entitled. The hearing shall be held on Wednesday, May 31st, 2000, at 10:30 a.m. in Courtroom 8A, United States Courthouse, 601 Market Street, Philadelphia, PA 19106.